IN RE APPLICATION OF FRANK JOHNSON
FOR AID TO THE DISABLED.
NICOLLET COUNTY WELFARE BOARD v.
DEPARTMENT OF PUBLIC WELFARE AND ANOTHER.

193 N. W. 2d 636.

December 30, 1971—No. 42729.

*Robert A. Peterson,* for appellant.

*W. M. Gustafson,* County Attorney, and *Warren E. Litynski,* Special Assistant County Attorney, for respondent Nicollet County Welfare Board.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

The Polk County Welfare Board appeals from a judgment of the Nicollet County District Court which determined that Frank Johnson is a resident of Polk County for purposes of aid to the disabled and that the state agency determination that Nicollet County is the county of residence was unreasonable, arbitrary, and contrary to law. The issue as defined by Minn. St. 245.30, subd. 2, is whether the lower court erred in ruling that the state agency's decision was arbitrary and unreasonable. We reverse.

On or about September 30, 1935, Frank Johnson entered Polk County from North Dakota. Apparently, this was his first visit to Minnesota. After spending several hours in Mentor, Polk County, he was arrested for grand larceny. Johnson was convicted February 14, 1936, and sentenced to the State Reformatory. On April 14, 1936, he was transferred to the Minnesota Security Hospital in Nicollet County and on May 4, 1942, was transferred to St. Peter State Hospital in Nicollet County. He resided there at the time of his application for aid to the disabled.

On May 8, 1968, hospital authorities determined that Johnson could

make a good adjustment in a nursing home. Application was made to Nicollet County for aid to the disabled. Following denial of the application, Johnson appealed to the state agency pursuant to Minn. St. 245.30, subd. 1. The agency ruled that Johnson had never been a resident of Polk County and that Nicollet County must bear responsibility for him. The Nicollet County Welfare Board appealed to the district court pursuant to § 245.30, subd. 2,[1] and that court's ruling that the state agency's determination was arbitrary and unreasonable resulted in this appeal.

Minn. St. 245.28 determines residency for purposes of aid to the disabled.[2] The county of residence is where the applicant resides for the year prior to his application. If more than one county is involved, then the county of residence is whichever county the applicant has resided in longest for that year. Certain residences, however, are excluded from consideration, such as time spent in a jail, hospital, or nursing home. From the moment Johnson was arrested, he has resided in "excluded" places.

The lower court determined that Johnson was a resident of Polk County because he spent a few hours there before he was arrested. To hold otherwise, the court declared, is arbitrary and unreasonable. We cannot agree that the state agency ruling befits that description. A truly reasonable result would free both counties from responsibility. The state agency's ruling was necessarily arbitrary but not unreasonable. We do not believe that § 245.30, subd. 2, gives a district court au-

---

[1] Minn. St. 245.30, subd. 2, limits appeals to the issue of "whether the decision or order of the state agency is fraudulent, arbitrary or unreasonable."

[2] Minn. St. 245.28 provides: "For the purposes of sections 245.21 to 245.43, a disabled person shall be conclusively deemed to be a resident of the county in which he has resided for one year immediately preceding the filing of his application for assistance, or, if he has not resided in any one county for that period, his residence shall be conclusively deemed to be the county in which he has longest resided during the year immediately preceding the filing of that application. His residence is not lost or terminated until a new residence is acquired in another county or state. The county of his residence, as herein defined, shall be liable for all payments of assistance to him under the provisions of such sections. For the purpose of determining county residence, but not state residence, the time during which a person is an inmate or patient in one of the following places, whether public or private, is excluded: a hospital, poor house, jail, prison, nursing or boarding care home, or home for the aged."

thority to reverse the state agency if the result is arbitrary and unreasonable to the other county.[3] The state agency had to balance the inequities and rule against one of two counties. Its decision should stand when there seem to be no equities, and the inequities are evenly balanced.

Reversed.

[3] The trial court characterized its ruling as "artificial" and oppressive to Polk County.