# IN RE DETERMINATION OF COUNTY SETTLEMENT OF LOUIS SKAJ FOR PURPOSES OF AID TO DISABLED. FARIBAULT COUNTY WELFARE BOARD v. MINNESOTA DEPARTMENT OF PUBLIC WELFARE AND OTHERS. RICE COUNTY WELFARE BOARD, APPELLANT.

228 N. W. 2d 262.

April 11, 1975—No. 44866.

*James R. Korman,* for appellant.

*Arvid Wendland,* County Attorney, for respondent Faribault County.

*Robert O. O'Neill,* County Attorney, for respondent Scott County.

SHERAN, CHIEF JUSTICE.

An appeal from an order and judgment of the district court imposing the burden of aid-to-the-disabled payments for Louis Skaj on the County of Rice. We affirm.

Resolution of the appeal involves interpretation of Minn. St. 1969, § 245.28,[1] which provides:

"For the purposes of sections 245.21 to 245.43, a disabled person shall be conclusively deemed to be a resident of the county in which he has resided for one year immediately preceding the filing of his application for assistance, or, if he has not resided in any one county for that period, his residence shall be conclusively deemed to be the county in which he has longest resided during the year immediately preceding the filing of that application. His residence is not lost or terminated until a new residence is acquired in another county or state. The county of his residence, as herein defined, shall be liable for all payments of assistance to him under the provisions of such sections. For the purpose of determining county residence, but not state residence, the time during which a person is an inmate or patient in one of the following places, whether public or private, is excluded: a hospital, poor house, jail, prison, nursing or boarding care home, or home for the aged."

In this case, the application for aid to the disabled was filed by Louis Skaj on April 3, 1970.

The state agency, the Minnesota commissioner of public welfare, read this statute to mean:

(a) A disabled person is a resident of that county in which he has last resided for one full year prior to the filing of his application for assistance without regard to whether the full year's residence and the year immediately preceding the filing of his application for aid-to-the-disabled payments are coterminous.

(b) If, but only if, the disabled person did not reside in one county for as long as one year before the date of his application, residence during the year immediately preceding the date of the application becomes determinative. In such event, he is deemed to be a resident of that "county in which he has longest resided

---

[1] Minn. St. 1969, § 245.28, was renumbered Minn. St. 1971, § 256.458, and was subsequently repealed by L. 1973, c. 717, § 33.

during the year immediately preceding the filing of that application."

Applying this interpretation to undisputed facts, the state agency concluded that Skaj was a resident of Faribault County within the meaning of the statute because he resided there from May 27, 1964, to July 4, 1966, a period of more than one year, and had not resided in any other county for as long as a year between July 4, 1966, when he left Faribault County, and April 3, 1970, when the application was filed.

The district court read the statute to mean:

(a) A disabled person is a resident of that county in which he resided during the one year immediately preceding the filing of his application. Residence before the year immediately preceding the filing of the application is immaterial.

(b) If the disabled person did not live in any one county during the year immediately preceding the date of his application, he is deemed a resident of that "county in which he has longest resided during the year immediately preceding the filing of that application."

The district court applied this interpretation of the statute to the following finding of fact:

"During the 12-month period ending April 3, 1970, Respondent Skaj lived in Scott County from on or about April 3, 1969, to on or about May 25, 1969, or one month, 22 days. He lived in Rice County from on or about July 15, 1969, to on or about October 15, 1969, or approximately three months. There is no evidence where [Skaj] lived during the balance of that 12-month period. The longest time lived in any county in Minnesota, under the evidence available, was in Rice County."

■ Although the interpretation to be given the statute in this situation is not free from doubt, we believe the one adopted by the district court to be the more likely expression of the legislative intent. Our view in this regard was forecast by the court in

432

the only prior decision involving Minn. St. 1969, § 245.28. In re Application of Johnson for Aid to the Disabled, 292 Minn. 432, 433, 193 N. W. 2d 636, 637 (1971), declares:

"Minn. St. 245.28 determines residency for purposes of aid to the disabled. The county of residence is where the applicant resides for *the* year prior to his application. If more than one county is involved, then the county of residence is whichever county the applicant has resided in longest for that year." (Italics supplied.)

The finding of fact of the district court above quoted is not inconsistent with that confirmed by the state agency, which reads in relevant part:

"July of 1969 Worked for two weeks for Wilford Bauer in Rice County.

"October of 1969 Employed for three weeks for Wilford Bauer in Rice County."

Such limited evidence as is available on the question supports the inference that Skaj continued as a resident of Rice County between the time he was employed at the Bauer farm in July and the time of his next recorded employment at the same farm in October.

■ The difficulty of fixing the burden of aid-to-the-disabled payments on one of several counties was recognized when we decided In re Application of Johnson for Aid to the Disabled, *supra.* To the extent that this remains a problem, it is for assessment by the legislature.

Affirmed.